(360 P.3d 1107)

No. 112,988

STATE OF KANSAS, *Appellee*, v. BRADLEY WAYNE MULLENS, *Appellant*.

—

 Opinion filed October 30, 2015. 

*Adam D. Stolte*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

MALONE, C.J.: Bradley Wayne Mullens appeals his sentence following his conviction of aggravated escape from custody. Mullens argues for the first time on appeal that the district court erred in classifying his 2003 Texas juvenile adjudication of burglary as a person felony for criminal history purposes. Mullens claims that by doing so, the district court violated his constitutional rights as articulated in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013).

We will briefly set forth the procedural history relevant to the only issue on appeal. On December 9, 2013, pursuant to a plea agreement, Mullens pled no contest to one count of aggravated escape from custody. According to the presentence investigation

(PSI) report, Mullens' criminal history included a 2003 Texas juvenile adjudication identified as "Burglary of Habitation (KSA 21-3715.a)" and classified as a juvenile person felony. Mullens and his attorney reviewed the PSI report, and Mullens personally agreed at the sentencing hearing that the report was an accurate reflection of his criminal history. Accordingly, the district court set Mullens' criminal history score at C and sentenced him to 18 months' imprisonment with 12 months' postrelease supervision, to run consecutive to the sentence in a separate criminal case. Mullens timely appealed.

Mullens' sole contention on appeal is that the district court erred in classifying his 2003 Texas adjudication as a person offense for criminal history purposes. Specifically, Mullens argues that the district court, by making factual determinations about the Texas burglary, violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution as articulated in *Apprendi* and *Descamps*.

In response, the State argues that by failing to challenge his criminal history in the district court, "Mullens effectively stipulated" that the Texas burglary was comparable to the type of burglary that in Kansas is a person felony. The State also argues that Mullens should not be able to raise this argument for the first time on appeal. Finally, the State argues that the Texas and Kansas burglary statutes are comparable as a matter of law, so the district court did not make any factual determinations in classifying the Texas crime as a person felony.

Whether a prior conviction should be classified as a person or nonperson offense involves the interpretation of the Kansas Sentencing Guidelines Act (KSGA). Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Keel*, 302 Kan. 560, 571, 357 P.3d 251 (2015).

Initially, we note that although Mullens did not challenge the person classification of the 2003 Texas burglary in the district court, he may do so for the first time on appeal under *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). In *Dickey*, our Supreme Court held that "a legal challenge to the classification of a prior adjudication for purposes of lowering [a defendant's] criminal

history score[ ]can be raised for the first time on appeal pursuant to K.S.A. 22-3504(1). [Citation omitted.]"

In a related argument, the State asserts that because Mullens did not object in the district court to his criminal history score, he stipulated to any necessary factual findings, which relieved the State of its burden to prove by a preponderance of the evidence any facts of the Texas burglary. Our Supreme Court rejected a similar argument in *Dickey* when the State claimed that the defendant's failure to object to the person classification of his 1992 burglary adjudication relieved the State of its burden to prove that it involved a dwelling. See *Dickey*, 301 Kan. at 1033-34. Based on *Dickey*, because Mullens' argument raises a legal issue of whether the district court erred by making factual determinations without using permissible resources, we reject the State's argument that Mullens is barred from raising this issue on appeal because he stipulated to his criminal history score.

Mullens' argument on appeal requires interpretation of three statutes: (1) K.S.A. 2014 Supp. 21-6811; (2) K.S.A. 2014 Supp. 21-5807, the Kansas burglary statute; and (3) Tex. Penal Code Ann. § 30.02 (Vernon 2001), the Texas burglary statute. In 2003, the Texas burglary statute stated, in relevant part:

"(a) A person commits an offense if, without the effective consent of the owner, the person:

(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or

(2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or

(3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault." Tex. Penal Code Ann. § 30.02 (Vernon 2001).

K.S.A. 2014 Supp. 21-5807, the Kansas burglary statute in effect at the time Mullens was convicted of his current crime of conviction, states:

"(a) Burglary is, without authority, entering into or remaining within any:

(1) Dwelling, with intent to commit a felony, theft or sexually motivated crime therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein; or

"(3) vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexually motivated crime therein."

K.S.A. 2014 Supp. 21-6811(d) also is relevant. This statute deals particularly with burglary and states:

"Prior burglary adult convictions and juvenile adjudications will be scored for criminal history purposes as follows:

"(1) As a prior person felony if the prior conviction or adjudication was classified as a burglary defined in subsection (a) of K.S.A. 21-3715, prior to its repeal, or subsection (a)(1) of K.S.A. 2014 Supp. 21-5807, and amendments thereto.

"(2) As a prior nonperson felony if the prior conviction or adjudication was classified as a burglary as defined in subsection (b) or (c) of K.S.A. 21-3715, prior to its repeal, or subsection (a)(2) or (a)(3) of K.S.A. 2014 Supp. 21-5807, and amendments thereto.

"The facts required to classify prior burglary adult convictions and juvenile adjudications shall be established by the state by a preponderance of the evidence." K.S.A. 2014 Supp. 21-6811(d).

Mullens' argument appears to be based upon K.S.A. 2014 Supp. 21-6811(d). Mullens contends that because the Texas burglary statute under which he was convicted does not fit within the parameters of K.S.A. 2014 Supp. 21-5807(a)(1), the person classification of the Texas burglary involved impermissible judicial fact finding.

Mullens does not dispute that his Texas burglary involved a dwelling; he specifically admits that he "was convicted of burglary occurring in a habitation." The PSI report defined his Texas burglary as "Burglary of Habitation," and Tex. Penal Code Ann. § 30.01(1) (Vernon 2001) defines habitation as "a structure or vehicle that is adapted for the overnight accommodation of persons." This clearly fits within the Kansas definition of "dwelling": "a building or portion thereof, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." See K.S.A. 2014 Supp. 21-5111(k).

Nevertheless, Mullens claims that the person classification of his Texas burglary adjudication was in error. Instead of focusing on the element involving a dwelling, he focuses on the intent to commit a crime element included in both the Kansas and Texas statutes. The Texas burglary statute allows for a conviction when a person enters into or remains concealed in a habitation with the

intent to commit *a felony, theft, or assault*; whereas the Kansas statute allows for a conviction when a person enters into or remains within a dwelling with the intent to commit *a felony, theft, or sexually motivated crime*.

In Texas, assault can be either a felony or misdemeanor. See Tex. Penal Code Ann. § 22.01 (Vernon 2001). Thus, the Texas burglary statute allows for a conviction when the intent to enter or remain within a structure is to commit misdemeanor assault, whereas the Kansas burglary statute does not, unless the assault was sexually motivated. Mullens argues that because his Texas adjudication could have occurred when he entered or remained in a habitation with the intent to commit misdemeanor assault that was not sexually motivated—facts that would not constitute burglary in Kansas—the Texas adjudication should have been treated as a non-person felony.

Mullens argues that under *Apprendi* and *Descamps*, the district court erred in going beyond the fact of the Texas burglary adjudication and in making factual findings about the Texas burglary adjudication without requiring the State to prove those facts beyond a reasonable doubt. Under the analysis in *Descamps*, which has been adopted in Kansas in *Dickey*, a court may use one of two approaches to determine whether a prior conviction may be used for sentencing purposes. The categorical approach is appropriate "when the statute forming the basis of the defendant's prior conviction contains a single set of elements constituting the crime," and consists of comparing the elements of the two crimes; if the elements of the prior crime of conviction are the same as or narrower than the later offense, the prior crime may be used for sentencing purposes. See *Dickey*, 301 Kan. at 1037. The second approach, the modified categorical approach, "applies when the statute forming the basis of the prior conviction is a 'divisible statute,' *i.e.*, a statute which includes multiple, alternative versions of the crime and at least one of the versions matches the elements of the generic offense." 301 Kan. at 1037.

The Texas burglary statute at issue here is a divisible statute, and one of the permutations of elements under which a defendant may commit burglary in Texas matches the elements of Kansas burglary.

Therefore, under *Descamps* and *Dickey*, the modified categorical approach is appropriate. That approach allows a sentencing court, without running afoul of *Apprendi*, "to look beyond the elements of the . . . statute and examine a limited class of documents to determine 'which of a statute's alternative elements formed the basis of the defendant's prior conviction.' [Citation omitted.]" *Dickey*, 301 Kan. at 1037-38. Such documents include "charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from a bench trial. [Citation omitted.]" 301 Kan. at 1038. The sentencing court did not employ this approach in Mullens' case.

Under K.S.A. 2014 Supp. 21-6811(d)(1), by classifying Mullens' Texas burglary adjudication as a person felony, the sentencing court necessarily found that it "was classified as a burglary as defined in . . . subsection (a)(1) of K.S.A. 2014 Supp. 21-5807," which is "without authority, entering into or remaining within any . . . [d]welling, with intent to commit a felony, theft or sexually motivated crime therein." Yet, as Mullens argues, it is possible that the Texas burglary adjudication did not involve these elements, and the sentencing court did not receive any evidence to support its implied finding that it did. The sentencing court erred in making that factual finding without examining the permissible documents identified in *Dickey* for information that would have supported such a finding.

For these reasons, we must vacate Mullens' sentence and remand for further proceedings to determine whether his Texas burglary adjudication should be classified as a person or nonperson offense for criminal history purposes. At resentencing, the district court may examine documents related to the Texas burglary adjudication in order to determine the nature of the offense, including charging documents, plea agreements, jury instructions, verdict forms, and transcripts from plea colloquies as well as findings of fact and conclusions of law from any bench trial. See *Dickey*, 301 Kan. at 1038. If the district court is unable to determine the basis of the Texas burglary adjudication or if the court determines that it involved entry of a structure with intent to commit a misde-

meanor assault that was not sexually motivated, then there is no comparable Kansas offense and the Texas burglary adjudication must be classified as a nonperson felony. However, if the district court determines that the Texas burglary adjudication involved entry of a structure with intent to commit a felony, theft, or sexually motivated crime, then the Texas burglary adjudication can be classified as a person felony since there is no dispute that the Texas burglary involved a dwelling or a habitation.

Vacated and remanded with directions.