NOT DESIGNATED FOR PUBLICATION

Nos. 118,401
118,402
118,403

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HAROLD L. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed December 21, 2018. Sentences vacated and case remanded with directions.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Harold L. Lewis pleaded guilty to possession of cocaine in case No. 05 CR 3213 for a crime committed in August 2005. At the same plea hearing, he pleaded no contest to forgery in case No. 06 CR 247, committed in January 2006. In case No. 07 CR 428, Lewis pleaded no contest to aggravated battery, criminal possession of a firearm, and aggravated escape from custody, committed in February 2007. In all three cases, the district court sentenced Lewis as having a criminal history score of B based partially on

1

his 1978 Texas conviction for burglary of a habitation, which the district court scored as a person felony.

In 2014, Lewis filed a motion to correct an illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), arguing that his pre-1993 person convictions should have been classified as nonperson convictions. Without holding a hearing, the district court denied that motion and held that *Murdock* did not apply retroactively to Lewis' cases. Lewis appealed, arguing that the district court imposed an illegal sentence by erroneously classifying his 1978 Texas burglary of a habitation conviction as a person felony under *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015). *State v. Lewis*, No. 113,438, 2016 WL 1546133 (Kan. App. 2016) (unpublished opinion). We agreed with the State that Texas' definition of habitation fits within Kansas' definition of dwelling, but we reversed and remanded the case with directions to the district court for two reasons:  to review court documents from the 1978 case and determine if the prior conviction involved burglary of a habitation; and to determine whether Texas' 1978 burglary statute was comparable to the Kansas burglary statute in effect when Lewis committed his current crimes of conviction. *Lewis*, 2016 WL 1546133 at *5.

At the hearing on remand, Lewis argued that his 1978 Texas conviction should be scored as a nonperson felony because the facts showed his crime involved a separate garage without an entrance to the house. The district court rejected that argument based on prior court rulings that treated Texas' burglary of a habitation the same as Kansas' burglary of a dwelling. See *State v. Mullens*, 51 Kan. App. 2d 1114, 1117, 360 P.3d 1107 (2015) (finding that the Texas' definition of habitation "fits within" Kansas' definition of dwelling and is thus comparable to Kansas' residential burglary). After reviewing the Texas court documents, the district court determined that Lewis' Texas burglary involved a habitation so that crime was comparable to Kansas' burglary and was thus properly scored as a person crime. Lewis appeals. All three cases are consolidated on appeal.

2

*Analysis*

Lewis argues solely that his sentence is illegal because the district court erroneously classified his 1978 Texas burglary conviction as a person felony. He contends that Texas' burglary of a habitation is not comparable to Kansas' burglary of a dwelling because Texas' definition of habitation is broader than Kansas' definition of dwelling, encompassing both nondwelling buildings or structures and unenclosed property that would not constitute burglary of a dwelling in Kansas. Lewis asks us to remand the case for resentencing with an amended criminal history score.

*Res Judicata*

We first examine the State's contention that the doctrine of res judicata precludes Lewis' argument. We have unlimited review over this issue of law. *Cain v. Jacox*, 302 Kan. 431, 434, 354 P.3d 1196 (2015). Four elements must be present for res judicata to apply: (1) the same claim; (2) the same parties; (3) claims that were or could have been raised; and (4) a final judgment on the merits. 302 Kan. 431, Syl. ¶ 2.

In 2014, Lewis argued that his prior Texas convictions, including his 1978 burglary conviction, could not be classified as person felonies because they were committed before Kansas enacted the KSGA, citing *Murdock*. His claim was denied on the merits. Now, Lewis claims that his 1978 Texas burglary of a habitation conviction should not be classified as a person felony because Kansas has no comparable crime. This is the same claim based on a different legal theory—one that is not distinct enough to give rise to a new claim for purposes of res judicata. *Midwest Crane & Rigging v. Schneider*, No. 113,725, 2016 WL 1391805, at *5 (Kan. App. 2016) (unpublished opinion); see *State v. McIntyre*, No. 117,787, 2018 WL 3321177, at *2 (Kan. App. 2018) (unpublished opinion). The other requirements are met too, as this appeal involves the

3

same parties, claims that could have been raised previously, and a final judgment on the merits. So ordinarily res judicata would bar Lewis' current appeal.

But the Kansas Supreme Court does not seem to apply res judicata in this context, finding that "arguments concerning retroactivity and res judicata . . . are all unavailing in the context of a motion to correct an illegal sentence which can be made at any time." *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016). See *State v. McAlister*, 54 Kan. App. 2d 65, 73, 396 P.3d 100 ("Our Supreme Court in *Dickey II* makes clear that a sentence based on an incorrect criminal history score is an illegal sentence that can be corrected at any time regardless of the procedural posture of the case."), *rev. granted* 306 Kan. 1326 (2017); but see *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (finding "[r]es judicata applies to motions to correct illegal sentence filed pursuant to K.S.A. 22-3504. Such a motion may not be used to breathe new life into an appellate issue previously adversely determined."); *McAlister*, 54 Kan. App. 2d at 82 (Gardner, J., concurring) ("As *Conley* recognizes, K.S.A. 22-3504's provision that an illegal sentence can be corrected 'at any time' merely means that, unlike our other statutes providing post-conviction remedies, the legislature has imposed no time limit in which to bring these motions."). Based on the Kansas Supreme Court's most recent approach, we find res judicata does not bar Lewis from raising this claim again.

### *Law of the Case Doctrine*

The State next contends that the law of the case doctrine bars us from reviewing Lewis' claim. This doctrine prevents a party from relitigating an issue already decided on appeal in successive stages of the same proceeding. *State v. Parry*, 305 Kan. 1189, 1189, 390 P.3d 879 (2017). Whether the law of the case doctrine bars a party from relitigating an issue is a legal question over which we have unlimited review. 305 Kan. at 1194.

Under the law of the case doctrine, "[w]hen a second appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal, and reconsideration will not normally be given to such questions." *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 (1998). The doctrine promotes judicial efficiency and allows litigants a full opportunity to present their arguments. *State v. Parry*, 51 Kan. App. 2d 928, 928, 358 P.3d 101 (2015), *aff'd* 305 Kan. 1189 (2017). We assume, without deciding, that motions to correct an illegal sentence are subject to the law of the case doctrine. See *Conley*, 287 Kan. at 698.

The law of the case doctrine would generally apply here. Lewis filed his first motion to correct illegal sentence under *Murdock* in 2014. The district court denied his motion and he appealed. This court found "the Texas definition of habitation fits within the Kansas definition of dwelling," but it remanded the case for the district court to see if it could determine from relevant documents whether Lewis' prior conviction actually involved a burglary of a habitation, as well as whether the 1978 Texas burglary conviction was comparable to Kansas' burglary statute in effect when Lewis committed the current crimes. *Lewis*, 2016 WL 1546133, at *5. Now Lewis claims Texas' definition of "habitation" is broader than Kansas' definition of a "dwelling," so the two crimes are not comparable. Thus Lewis is bringing an already litigated claim based on a different legal theory.

Yet this doctrine "'is not an inexorable command, or a constitutional requirement, but is, rather, a discretionary policy which expresses the practice of the courts generally to refuse to reopen a matter already decided, without limiting their power to do so.'" *Collier*, 263 Kan. at 631. Courts have limited their discretion by applying three generally recognized exceptions to this doctrine. These exceptions permit an appellate court to reconsider an issue it already decided when: (1) a later trial produces substantially different evidence; (2) a controlling authority has made a contrary decision regarding the

5

law applicable to the issues; or (3) the prior decision was clearly erroneous and would result in manifest injustice. *State v. Kleypas*, 305 Kan. 224, 245, 382 P.3d 373 (2016).

The second exception applies here. Between Lewis' appeals the Kansas Supreme Court decided *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). That case held that for an out-of-state conviction to be comparable to a Kansas crime under K.S.A. 2017 Supp. 21-6811(e)(3), the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime to which it is being referenced. *Wetrich*, 307 Kan. 552, Syl. ¶ 3. This construction of the statute is by a controlling authority and is contrary to the way the court had analyzed the statute in the past. See, e.g., *State v. Williams*, 299 Kan. 870, 873, 326 P.3d 1070 (2014) (finding that "comparable offense" means "the offenses need only be comparable, not identical") (quoting *State v. Vandervort*, 276 Kan. 164, 179, 72 P.3d 925 [2003], *overruled on other grounds by Dickey*, 301 Kan. 1018 (2015). Because this exception applies, the doctrine of the law of the case does not prevent our review.

> *The elements of Lewis' Texas crime of conviction are broader than the elements of the Kansas crime*

We thus reach the merits of Lewis' appeal and determine whether the elements of his 1978 Texas conviction are comparable to the elements of his Kansas burglary. Resolution of this claim involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq. Interpretation of a sentencing statute is a question of law over which we exercise de novo review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Whether the district court properly classified a defendant's prior conviction for criminal history purposes is a question of law subject to our unlimited review. *Dickey*, 301 Kan. 1018, Syl. ¶ 5.

6

To classify an out-of-state conviction for criminal history purposes, Kansas courts generally follow two steps. First, we categorize the prior conviction as a misdemeanor or a felony by deferring to the convicting jurisdiction's classification of the crime. K.S.A. 2017 Supp. 21-6811(e)(2). The parties do not dispute that Lewis' Texas conviction was for a felony. See Tex. Penal Code Ann. § 30.02(c) and (d) (West 1974).

Second, we determine whether the prior conviction is a person or nonperson crime by looking to the comparable crime in Kansas when the defendant committed the current crime of conviction. K.S.A. 2017 Supp. 21-6811(e)(3). Currently, for an out-of-state conviction to be comparable to an offense in Kansas, the elements of the out-of-state crime must be identical to or narrower than the elements of the Kansas crime. *Wetrich*, 307 Kan. 552, Syl. ¶ 3. If Kansas has no comparable crime we will classify the out-of-state crime as a nonperson crime. K.S.A. 2017 Supp. 21-6811(e)(3). If Kansas has a comparable crime, we determine if that crime is a person or nonperson crime and then classify the out-of-state crime the same way.

Lewis was convicted of burglary of a habitation under the following Texas statute:

"(a) A person commits an offense if, without the effective consent of the owner, he:
    (1)  enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony or theft; or
    (2)  remains concealed, with intent to commit a felony or theft, in a building or habitation; or
    (3)  enters a building or habitation and commits or attempts to commit a felony or theft." Tex. Penal Code Ann. § 30.02 (West 1974).

Kansas' burglary statute from the date of Lewis' current crime of conviction states:

"(a) Burglary is knowingly and without authority entering into or remaining within any:

7

(1) Building, manufactured home, mobile home, tent or other structure which is a dwelling, with intent to commit a felony, theft or sexual battery therein;

(2) building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein; or

(3) motor vehicle, aircraft, watercraft, railroad car or other means of conveyance of persons or property, with intent to commit a felony, theft or sexual battery therein." K.S.A. 21-3715 (Furse 1995).

One obvious distinction between the two statutes is that Texas uses the word "habitation" while Kansas uses "dwelling." Texas defined "habitation" to mean "a structure or vehicle that is adapted for the overnight accommodation of persons," including "(A) each separately secured or occupied portion of the structure or vehicle; and (B) each structure appurtenant to or connected with the structure or vehicle." Tex. Penal Code Ann. § 30.01(1) (West 1974). But Kansas defined "dwelling" in narrower terms as "a building or portion therefore, a tent, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence." K.S.A. 21-3110(7).

Texas cases illustrate the difference between these two controlling terms. A defendant may be convicted in Texas for burglary of a victim's garage—a structure appurtenant to or connected with victim's house. A garage falls within the definition of a "habitation," as contained in its statute defining the offense of burglary of a habitation. *Shakesnider v. State*, 477 S.W.3d 920, 922-33 (Tex. App. 2015). Even an unattached garage is a structure appurtenant to a residence is therefore within the statutory definition of "habitation." *Jones v. State*, 690 S.W.2d 318, 319 (Tex. App. 1985). But Kansas' burglary of a dwelling statute has no such "structure appurtenant to or connected with" language. Instead, the Kansas statute considers burglaries of buildings other than "dwellings," such as unattached garages, to be nonperson crimes. K.S.A. 21-3715.

8

Nor does Texas law require that a structure be enclosed to be considered a habitation. Tex. Penal Code Ann. § 30.01. See *White v. State*, 630 S.W.2d 340, 342 (Tex. App. 1982) (stating "before a structure may be considered a building, it must be enclosed, but there is no such requirement for a habitation"). Kansas, though, requires the space be enclosed to be considered a dwelling. K.S.A. 2005 Supp. 21-3110(7).

For these reasons, the elements of Texas' crime of burglary are broader than the elements of Kansas' crime of burglary, so the two statutes are not comparable as that term is defined in *Wetrich*.

Wetrich *was not a change in the law*

Finally, the State argues that *Wetrich* amounts to a change in the law that cannot be the basis for relief, relying on K.S.A. 2017 Supp. 22-3504(3). Resolving this issue involves interpretation of a statute, a question of law over which we have unlimited review. *Collins*, 303 Kan. at 473-74.

A 2017 amendment to K.S.A. 2017 Supp. 22-3504(3) states that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." The State argues that *Wetrich*'s holding requiring the identical-or-narrower rule was a change in the law that obviously occurred after Lewis' sentence was pronounced, so *Wetrich* cannot be the basis for finding that Lewis' sentence is illegal. But we agree with panels of this court which have concluded that *Wetrich* merely clarified existing law, rather than changed it. See *State v. Smith*, 56 Kan. App. 2d 343, 430 P.3d 58 (2018), *petition for rev. filed* September 26, 2018; *State v. Jones*, No. 117,811, 2018 WL 4655628 (Kan. App. 2018) (unpublished opinion).

"Simply put:  the KSGA and its reference to the term 'comparable offenses' has not changed . . . . The only thing that may have changed is our Supreme Court's interpretation

9

of the KSGA. But a judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as after the decision. See *Rivers*, 511 U.S. at 312-13. As previously stated, the *Wetrich* court found that the identical-or-narrower test was the intent of the Legislature when it passed the KSGA based on the legislative history of the Act and the purposes and objectives of the sentencing guidelines. 307 Kan. at 561-62." *Smith*, 56 Kan. App. 2d at 354.

Those panels reached their determination that *Wetrich* interpreted existing law, rather than changed the law, by considering legislative history, the Kansas Supreme Court's language describing its holding, and its treatment of pre-*Wetrich* cases with inconsistent holdings. The *Smith* panel noted that the *Wetrich* court found that the identical-or-narrower test was the intent of the legislature when it passed the KSGA based on the legislative history of the act and the purposes and objectives of the sentencing guidelines. *Smith*, 56 Kan. App. 2d at 354. It also found that *Wetrich* applied the rule set out in *Dickey*, and our court has held that *Dickey* was not a change in the law but was an application of *Apprendi*. *Smith*, 56 Kan. App. 2d at 354. The *Jones* panel noted that the Kansas Supreme Court did not overrule its prior opinions, further indicating that it did not intend to make new law by issuing its opinion in *Wetrich*, and that in cases following *Wetrich*, the Kansas Supreme Court consistently described the decision as merely having "construed the meaning of 'comparable offense.'" *State v. Jones*, No. 117,808, 2018 WL 4656409, at \*10 (Kan. App. 2018) (unpublished opinion) (citing *State v. Moore*, 307 Kan. 599, 602, 412 P.3d 965 [2018]; *State v. Buell*, 307 Kan. 604, 607, 412 P.3d 1004 [2018]). We agree that "*Wetrich*'s approach to the issue thus appears to be tailored to reach the conclusion that it was not changing the law but was merely construing a long-standing term in a preexisting statute pursuant to its original legislative intent." *Jones*, 2018 WL 4656409, at \*10.

Accordingly, the identical-or-narrower rule adopted in *Wetrich* did not create new law but clarified existing statutory language. The 2017 amendment to K.S.A. 2017 Supp. 22-3504(3) thus does not affect Lewis' ability to seek relief.

10

*Conclusion*

We vacate the sentences and remand for resentencing with directions to count Lewis' 1978 Texas burglary conviction as a nonperson felony.