No. 99,279

STATE OF KANSAS, *Appellee*, v. ANTHONY D. CONLEY, *Appellant*.

(197 P.3d 837)

Opinion filed December 19, 2008.

*Carl Maughan*, of Maughan & Maughan LC, of Wichita, argued the cause and was on the brief for appellant, and *Anthony Dean Conley*, appellant, was on a supplemental pro se brief.

*Kristi L. Barton*, assistant county attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: Anthony Conley appeals the summary denial of his pro se motion to correct illegal sentence filed pursuant to K.S.A. 22-3504(1). Because Conley is serving a hard 40 life sentence on a conviction of premeditated first-degree murder, this court has jurisdiction of this appeal under K.S.A. 22-3601(b)(1). See *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over an appeal of a motion to correct illegal sentence lies with the court that had jurisdiction to hear the original appeal).

## FACTUAL BACKGROUND

In 1998, Conley was convicted by a jury of the 1995 premeditated first-degree murder of Nicholas Armstrong. He was sentenced to a hard 40 life sentence. Conley filed a direct appeal in which he argued, among other things, that the hard 40 sentencing scheme was unconstitutional under *Apprendi v. New Jersey*, 530

U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), because it enhanced his sentence on the basis of facts that were not presented to the jury and proved beyond a reasonable doubt. *State v. Conley*, 270 Kan. 18, 30-35, 11 P.3d 1147 (2000), *cert. denied* 532 U.S. 932 (2001). We rejected Conley's challenge, holding:

"Imposition of the K.S.A. 21-4638 hard 40 sentence based on a fact not found by the jury does not increase a defendant's maximum sentence of imprisonment for life imposed under K.S.A. 21-4706(c). The hard 40 sentence limits the lower end of the sentence. Defendant's hard 40 sentence violates neither the Due Process Clause of the United States Constitution, nor his right to trial by jury under the Sixth Amendment to the United States Constitution or § 5 of the Kansas Constitution Bill of Rights." 270 Kan. 18, Syl. ¶ 3.

Conley's present appeal arises from the denial of his pro se motion to correct illegal sentence. In his motion, Conley challenged the legality of his hard 40 sentence under *Apprendi*. Specifically, Conley argued that a hard 40 sentence cannot be imposed based upon facts not charged in the complaint and found by a jury beyond a reasonable doubt because such a sentence exceeds the statutory maximum for first-degree murder.

The district court summarily denied the motion on the ground the *Apprendi* issue had been decided adversely to Conley by this court in his direct appeal. Conley appeals therefrom. He does not contend the district court erred in its conclusion that the *Apprendi* issue which is the issue in the motion herein is the same issue raised in the direct appeal. Rather, Conley argues that the district court erred and/or abused its discretion in summarily denying the motion because: (1) res judicata is inapplicable to motions to correct illegal sentence; and (2) summary disposition is an inappropriate procedure for handling motions to correct illegal sentence.

## APPLICABLE STATUTE

The motion to correct sentence herein was filed pursuant to K.S.A. 22-3504(1) which provides:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

## APPLICABILITY OF RES JUDICATA

Conley argues that the doctrine of res judicata does not apply to K.S.A. 22-3504 motions. He contends that because the language of K.S.A. 22-3504(1) specifically states that the court may correct an illegal sentence "at any time," his claim is not procedurally barred, regardless of whether the issue has been previously raised and decided. He contends that by using such language in the illegal sentence statute, the legislature intended to allow a defendant to be freed from an illegal sentence despite "previous erroneous rulings."

In *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990), we held:

"Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived."

In *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000), we held that K.S.A. 22-3504 "may not be used as a vehicle to breathe new life into appellate issues previously abandoned or adversely determined."

Statutory time restrictions apply to the filing of direct appeals in criminal actions and K.S.A. 60-1507 motions. In the limited situations in which K.S.A. 22-3504 relief may be sought, there is no time restriction—hence the statutory "at any time" language. This is not authorization for "do-overs." Under Conley's argument herein, the same issue could be endlessly raised despite adverse appellate determinations.

Res judicata applies to motions to correct illegal sentence filed pursuant to K.S.A. 22-3504. Such a motion may not be used to breathe new life into an appellate issue previously adversely determined.

Conley also argues that res judicata should not bar his claim because recent United States Supreme Court decisions have modified the rule in *Apprendi*, rendering this court's decision in *Conley* erroneous. He contends that fundamental fairness justifies permitting this issue to be considered again. See *State v. Hawkins*,

285 Kan. 842, 845, 176 P.3d 174 (2008) (newly asserted theory may be considered for the first time on appeal when [1] the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; [2] consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and [3] the judgment of the trial court may be upheld on appeal despite its reliance on the wrong ground or assignment of a a wrong reason for its decision).

Conley's fundamental fairness argument is not persuasive for two reasons. First, this is a res judicata situation—the issue was raised and decided on the merits in a prior appeal—not a situation where a new legal theory is being raised for the first time on appeal. Second, even if there were a "fundamental fairness" exception to the application of res judicata, Conley's argument that the United States Supreme Court has changed its position on the case law this court relied upon in *Conley* is without merit.

In *McMillan v. Pennsylvania*, 477 U.S. 79, 91 L. Ed. 2d 67, 106 S. Ct. 2411 (1986), the United States Supreme Court held that facts that do not increase a sentence beyond the prescribed statutory maximum do not have to be proven to a jury beyond a reasonable doubt. This court relied on *McMillan* in affirming the constitutionality of the hard 40 sentencing scheme. *Conley*, 270 Kan. at 32. After *Apprendi*, the United States Supreme Court considered and rejected the argument that *Apprendi* overruled *McMillan*:

"As we shall explain, *McMillan* and *Apprendi* are consistent because there is a fundamental distinction between the factual findings that were at issue in those two cases. *Apprendi* said that any fact extending the defendant's sentence beyond the maximum authorized by the jury's verdict would have been considered an element of an aggravated crime—and thus the domain of the jury—by those who framed the Bill of Rights. The same cannot be said of a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding. As *McMillan* recognized, a statute may reserve this type of factual finding for the judge without violating the Constitution." *Harris v. United States*, 536 U.S. 545, 557, 153 L. Ed. 2d 524, 122 S. Ct. 2406 (2002).

Although Conley does not mention the *Harris* decision, he argues that under recent United States Supreme Court decisions—

specifically *Ring v. Arizona*, 536 U.S. 584, 153 L. Ed. 2d 556, 122 S. Ct. 2428 (2002), *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 543 U.S. 220, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005)—*Apprendi* has been modified. He attempts to buttress this argument with selected snippets from those cases.

He quotes the following language from *Booker*: " 'If a State makes an increase in a defendant's authorized punishment contingent on the finding of fact, that fact—no matter how the State labels it—must be found by a jury beyond a reasonable doubt.' " *Booker*, 543 U.S. at 231 (quoting *Ring*, 536 U.S. at 602). From these quotes, he argues that *"Booker* requires the Government to prove to a jury beyond a reasonable doubt all facts relevant to the sentence sought to be imposed."

Conley's selective quotes and argument ignore the language in *Booker* which makes it clear that under *Apprendi*, only facts that increase the sentence beyond the prescribed *statutory maximum* must be presented to and found by a jury. See, *e.g.*, *Booker*, 543 U.S. at 232 ("Our precedents . . . make clear 'that the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.' "). The United States Supreme Court has not modified *McMillan*. It is still the law that *Apprendi* does not apply where the statutory minimum sentence is increased based upon facts not found by a jury.

Moreover, Conley fails to acknowledge that this court has made this very point repeatedly, and recently, in rejecting similar arguments challenging the constitutionality of the hard 40/hard 50 sentencing scheme and the *Conley* decision:

"The United States Supreme Court continues to invalidate judicial preponderance of the evidence fact finding that exposes a defendant to a sentence in excess of the statutory maximum as being a violation of a defendant's right to trial by jury safeguarded by the Sixth and Fourteenth Amendments to the United States Constitution. *See, e.g., Cunningham v. California*, 549 U.S. 270, 166 L. Ed. 2d 856, 127 S. Ct. 856 (2007). *Nevertheless, our highest court has not explicitly overruled its prior holdings that judicial fact finding utilizing a preponderance of the evidence standard to increase the mandatory minimum sentence does not run afoul of the jury trial guarantee. See, e.g., McMillan v. Pennsylvania*, 477 U.S. 79,

91 L. Ed. 2d 67, 106 S. Ct. 2411 (1986). The maximum sentence for first-degree murder is life in prison. The hard 50 sentence enhances the minimum sentence which must be served and does not expose a defendant to a higher maximum sentence than provided by statute. Under current law, our hard 50 scheme is constitutional." (Emphasis added.) *State v. Johnson*, 284 Kan. 18, 22-23, 159 P.3d 161 (2007), *cert. denied* 552 U.S. 1104 (2008).

See *State v. Warledo*, 286 Kan. 927, 954, 190 P.3d 937 (2008) (reaffirming *Conley*, citing *Johnson* with approval, and noting that the United States Supreme Court has not "altered decisions in which it recognized that the [*Apprendi*] prohibition does not apply when considering the *minimum* sentence to be imposed"); *State v. Albright*, 283 Kan. 418, 424, 153 P.3d 497 (2007).

*Albright* and *Johnson* are controlling authority on the issue of whether recent United States Supreme Court decisions have modified the rule that *Apprendi* does not apply to judicially found facts that increase the minimum sentence. Conley does not cite *Albright* or *Johnson* in his brief and, although the State relies upon *Johnson* in its brief, Conley did not file a reply brief to show why *Johnson* should not apply.

Defendant has also filed a pro se brief on this *Apprendi* argument, which we have considered and find to be without merit.

In conclusion, the district court did not err in holding the *Apprendi* issue was barred by the doctrine of res judicata.

## PROPRIETY OF SUMMARY DENIAL

Conley next argues that summary denial is an inappropriate disposition of a motion filed pursuant to K.S.A. 22-3504(1). For convenience, K.S.A. 22-3504(1) is reiterated as follows:

"(1) The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

We have defined an illegal sentence under K.S.A. 22-3504(1) as:

"An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with

respect to the time and manner in which it is to be served." *State v. Johnson,* 269 Kan. 594, Syl. ¶ 2, 7 P.3d 294 (2000).

In *State v. Duke,* 263 Kan. 193, 946 P.2d 1375 (1997), the issue was raised as to whether the language of K.S.A. 22-3504(1) precluded preliminary examination. In holding it did not, we reasoned as follows:

"In *State v. Nunn,* 247 Kan. 576, 802 P.2d 547 (1990), a claim was made that the district court was required to appoint counsel for defendant on a motion for new trial filed later than 10 days after trial. The motion was based upon alleged newly discovered evidence, a ground K.S.A. 22-3501(1) affords a 2-year filing period.

"We rejected this argument, holding:

'While it would simplify matters for all courts and litigants if we were to adopt a bright-line rule that counsel be appointed for all post-trial motions, such a rule would not appear to be feasible or justified. Obviously, counsel should be appointed in cases where the motion raises substantial questions of law or triable issues of fact requiring an evidentiary hearing, legal arguments, and/or briefs of the parties. It appears just as obvious that if the motion, whether or not it is the defendant's first based upon newly discovered evidence, fails to state any substantial issues of law or fact, or states sufficient facts to allow a determination based upon the motion itself, then appointment of counsel and the holding of a hearing would be unwarranted. We adhere to our prior rulings that the determination of whether to appoint counsel and hold a hearing on post-trial motions not filed "within 10 days after the verdict or finding of guilty, or within such further time as the court may fix during the 10-day period," is one best left to the sound discretion of the trial court considering all the circumstances of the particular case. If the trial court correctly determines from the pleadings and record that the motion raises no substantial questions of law or fact, then the refusal to appoint counsel and hold a hearing does not constitute an abuse of discretion.' 247 Kan. at 584-85.

"The language authorizing preliminary judicial examination to determine whether or not substantial questions of law or fact are raised appears in K.S.A. 22-4506, which provides in pertinent part:

'(a) Whenever any person who is in custody under a sentence of imprisonment upon conviction of a felony files a petition for writ of habeas corpus or a motion attacking sentence under K.S.A. 60-1507 and files with such petition or motion such person's affidavit stating that the petition or motion is filed in good faith and that such person is financially unable to pay the costs of such action and to employ counsel therefor, the court shall make a preliminary examination of the petition or motion and the supporting papers.

'(b) If the court finds that the petition or motion presents substantial questions of law or triable issues of fact and if the petitioner or movant has been or is

thereafter determined to be an indigent person as provided in K.S.A. 22-4504 and amendments thereto, the court shall appoint counsel. . . .'

"Our decisions have been quite uniform in upholding the propriety of such preliminary examinations on all post-trial motions filed later than 10 days after trial. There is no indication that a motion to correct an illegal sentence was intended by the legislature to be treated differently from a K.S.A. 60-1507 attack upon a sentence. Logic does not require a different treatment. What purpose is served if, unlike another post-trial motion, the filing of a bare-bones conclusory motion to correct an allegedly illegal sentence triggers a full-blown hearing with defense counsel and the presence of the defendant? We believe the key words in K.S.A. 22-3504(1) relative to the issue before us are 'any proceeding.' The district court should make the preliminary examination as to whether substantial questions of law or fact are raised. If the findings are in the negative, the court should summarily deny the motion. This is not a 'proceeding' within the language of the statute. If the findings are in the affirmative, then the matters can only be resolved in a 'proceeding' as set forth in the statute.

"The motions herein were filed long after the sentences were imposed and direct appeals determined. The issues would not arise if the motion is filed so close in time to the imposition of sentence that it is a continuation of the representation afforded at the sentencing.

"In summary, we hold K.S.A. 22-3504(1) does not eliminate a district court's duty to preliminarily examine a motion to correct an allegedly illegal sentence to determine if substantial issues of law or fact are raised. If no such issues are found to have been raised, the motion may be summarily dismissed." 263 Kan. at 195-96.

Conley does not challenge the fact that the preliminary examination process is the well-established law in Kansas for the handling of K.S.A. 22-3504(1) motions. Rather, he seeks to change the law. In his brief, Conley flits from reason to reason as to why summary denial is inappropriate procedurally for the handling of such motions. He contends the appointment of counsel and the holding of a hearing are mandatory. In support of his position, Conley cites readily distinguishable cases. He cobbles together bits and pieces of language therefrom to present the outward appearance of authority for his various positions. " ' "Simply pressing a point without pertinent authority, or without showing why it is sound despite a lack of supporting authority or in the face of contrary authority, is akin to failing to brief an issue." ' " *State v. Torres*, 280 Kan. 309, 321, 121 P.3d 429 (2005). It is sufficient to simply state that we find no merit in any of Conley's reasons for the requested change

in our established law and no necessity to further discuss this aspect of the appeal. The preliminary examination procedure was appropriate. The district court properly denied the motion summarily upon finding the motion to be barred on the basis of res judicata.

The judgment is affirmed.