NOT DESIGNATED FOR PUBLICATION

No. 111,247

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTWAIN L. NELSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY L. WALLER, judge. Opinion filed December 11, 2015. Affirmed.

*Carl F. A. Maughan* and *Sean M. A. Hatfield*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S. J.

*Per Curiam*: After Antwain L. Nelson pleaded guilty to aggravated robbery, his three municipal misdemeanor battery convictions were aggregated into one person felony, worsening his criminal history score and enhancing the sentence from what Nelson had anticipated. The district court sentenced him to 228 months' imprisonment but suspended the sentence and ordered Nelson to serve 36 months' probation with 36 months' postrelease supervision. When Nelson's probation was revoked in November of 2009, the district court ordered him to serve a modified sentence of 216 months. Nelson

1

then filed a motion to correct an illegal sentence or to withdraw his plea, which the district court denied. Nelson's appeal primarily contends that his misdemeanor convictions were uncounseled so they were improperly included in his criminal history and that his trial counsel was ineffective for failing to properly advise him of aggregated scoring and for failing to object to his criminal history. Finding no reversible error, we affirm.

*Procedural Background*

In July of 2008, Nelson was charged with one count aggravated robbery. The complaint alleged that on June 4, 2008, Nelson unlawfully, by force or threat of bodily harm, took $300 and a Glock 9mm handgun from the victim and Nelson was armed with a dangerous weapon at the time.

Nelson pleaded guilty to one count aggravated robbery, a severity level 3 person felony. Nelson was informed his sentencing range was from 55 to 247 months in prison. According to the plea agreement, the State agreed to recommend that Nelson receive a sentence of the "middle number in the appropriate sentencing guidelines grid box." Nelson acknowledged sentencing was "solely a matter within the control of the Judge" and the district court was not bound to follow the plea agreement.

When entering the plea agreement, both the State and Nelson anticipated that Nelson's criminal history score would be C. The presentence investigation report, however, revealed Nelson's criminal history score was actually B. According to K.S.A. 2007 Supp. 21-4704, the presumptive sentencing range for a criminal history C, severity level 3, was 96 to 107 months' imprisonment. The presumptive sentencing range for a criminal history score of B, severity level 3, was 206 to 228 months' imprisonment. In exchange for Nelson's plea, the State agreed to recommend a downward dispositional departure to probation with community corrections.

2

At the sentencing hearing, the district court asked if either party disputed Nelson's criminal history score of B. Neither party objected. The district court imposed a controlling sentence of 228 months' imprisonment and granted Nelson a downward dispositional departure to 36 months' probation. But Nelson's probation was subsequently revoked, and he was ordered to serve a modified sentence of 216 months' imprisonment.

In December 2009, Nelson filed his first pro se motion to correct an illegal sentence. He argued he received an illegal sentence because he believed his criminal history score was C, and he claimed his plea agreement was in line with that score. Nelson alleged his sentence was illegal because he was sentenced to 228 months in prison rather than to the 110-month sentence he claimed had been agreed upon in the plea agreement. The district court denied his motion.

Rather than appealing that decision, Nelson filed a pro se postsentence motion to withdraw his plea, alleging ineffective assistance of counsel. The district court summarily denied the motion, finding no substantial issues of law or fact and no showing of manifest injustice. Nelson appealed. See *State v. Nelson*, No. 105,250, 2012 WL 402005, (Kan. App. 2012) (unpublished opinion), *rev. denied* 296 Kan. 1134 (2013) (*Nelson I*).

In *Nelson I*, this court affirmed the district court's summary denial of Nelson's motion to withdraw his plea because Nelson failed to show ineffective assistance of counsel. This court held even if Nelson could show inadequate performance, he could not show prejudice. 2012 WL 402005, at *2-4.

After that decision, Nelson filed a second pro se motion to correct an illegal sentence—the motion from which Nelson now appeals. Nelson again argued the sentence was illegal because both parties anticipated his criminal history score would be C. He further argued his counsel failed to advise him that his three municipal misdemeanor convictions would be aggregated to a person felony to produce a criminal history score of

B. Nelson also claimed his counsel was ineffective for failing to object to his criminal history score at sentencing. Nelson concluded by asking the district court to correct his illegal sentence "or in the alternative, prove that all three of the person misdemeanors had the guiding hand of counsel . . . ."

At the hearing on the motion, Nelson testified he had not been represented by counsel in the 2003 and the 2006 municipal charges and offered various journal entries in support, but he conceded he had been represented by counsel in the 2008 charge. The State proffered certified records from the Municipal Court of the City of Wichita pertaining to the 2003 and 2006 charges and showing appearances of counsel. The district court reviewed the documents and admitted them, finding some to be business records and taking judicial notice of others. Based on its review of the journal entries and the municipal records, the district court found Nelson had been represented by an attorney or had waived an appearance of an attorney at all requisite times. When the district court noted Nelson's failure to object to his criminal history at the time of sentencing, Nelson argued he tried to object but "his counsel shushed him and did not give him the opportunity to make that objection."

The district court held Nelson did not receive an illegal sentence but broadly construed his motion as potentially raising a K.S.A. 60-1507 matter. The district court subsequently held a preliminary hearing to address the K.S.A. 60-1507 issue and determined an evidentiary hearing was not required. The district court held that Nelson's prior misdemeanor convictions had been properly admitted so it denied Nelson's motion to correct an illegal sentence and found any K.S.A. 60-1507 claim to be time barred. Nelson timely appeals.

4

*Did the district court properly admit the State's exhibits?*

We first examine Nelson's argument that the district court erred by relying on municipal misdemeanor records in considering Nelson's claim that his municipal offenses were uncounseled so they should not have been counted for criminal history purposes. Nelson claims the district court should have confined its review to the journal entries he provided and should have excluded the screen shots the State offered. He argues the misdemeanor journal entries did not sufficiently indicate he had counsel at the proper stages so the misdemeanors should not have been used to calculate his criminal history score. He further contends the exhibits proffered by the State were hearsay and lacked proper foundation.

But Nelson fails to provide this court with either the municipal screen shots he challenges or the journal entries he provided. The party claiming an error occurred has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, we presume the action of the district court was proper. *State v. Bridges*, 297 Kan. 989, 1001, 306 P.3d 244 (2013). The only information in the record regarding the municipal journal entries is in the August 23, 2013, hearing transcript which shows that the State submitted certified records which the district court reviewed. The district court noted it would take judicial notice and that the journal entries were somewhat illegible or vague, making the other records important. The court then determined Nelson was represented by counsel at the requisite times during the 2003 and the 2006 misdemeanor convictions. Without the exhibits which are at issue, we must presume that determination was proper.

Nelson's remaining issues regarding admissibility—that the State's exhibits lacked proper foundation and were hearsay—are raised only incidentally and are not supported with pertinent authority. We thus deem these issues to have been waived and abandoned. See *State v. Llamas*, 298 Kan. 246, 264, 311 P.3d 399 (2013); *State v. Tague*, 296 Kan.

993, 1001, 298 P.3d 273 (2013) (Failing to support a point with pertinent authority or to show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue.). Further, the district court admitted the challenged exhibits as business records—an express exception to the hearsay rule, K.S.A. 60-460(m)—and took judicial notice of them—an implied exception to the hearsay rule, see K.S.A. 60-409(b)(4). Because Nelson has not included the exhibits in the record we have no basis for independently determining whether those exhibits were inadmissible hearsay, so we rest upon the presumption of proper action by the district court.

We thus find no error in the district court's admission of Nelson's municipal misdemeanor records.

*Did the trial court err in finding Nelson's municipal misdemeanor offenses were not uncounseled?*

Nelson next argues the district court reached the wrong factual conclusion. Nelson argues that his sentence is illegal because the municipal court journal entries do not sufficiently indicate that he had counsel at the proper stages. We note that a person accused of a misdemeanor has a Sixth Amendment right to counsel if the sentence to be imposed upon conviction includes a term of imprisonment and that an uncounseled misdemeanor conviction obtained in violation of that right may not be collaterally used for sentence enhancement in a subsequent criminal proceeding. *State v. Tims*, 302 Kan. __ 355 P.3d 660, 664 (2015).

Nelson relies on *State v. Neal*, 292 Kan. 625, 627, 634-36, 640, 258 P.3d 365 (2011), which found an evidentiary hearing was required to determine whether Neal was represented by counsel at the requisite times. But there, the Supreme Court had documentation to review, including the PSI report and certified copies of the disposition sheets or journal entries. In contrast, Nelson had an evidentiary hearing and presented

6

exhibits in support of his testimony, but he fails to provide us with the municipal court exhibits/journal entries of which he complains. Because Nelson challenges his criminal history in a motion to correct an illegal sentence, he bears the burden of proving the convictions were uncounseled. See 292 Kan. at 634. Additionally, Nelson, as the party claiming an error occurred, has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, we presume the action of the district court was proper. See *Bridges*, 297 Kan. at 1001.

The record reflects that at the hearing the district court examined the municipal records as well as the journal entries and found Nelson had either been represented by counsel or had signed waivers of counsel. Here, as above, without a record to review we must presume this finding was proper. Nelson has neither rebutted this presumption nor met either burden specified above, thus he has failed to show error.

*Was Nelson's sentence illegal?*

Nelson contends that when he entered the plea agreement, he believed he had a criminal history score of C. At sentencing, the district court found Nelson had a criminal history score of B.

Nelson has raised this issue before. In 2009, Nelson's first pro se motion to correct an illegal sentence claimed he had received an illegal sentence because he believed his criminal history score was C, as reflected in his plea agreement. When the district court denied that motion, it found the sentence was not illegal because it was within the sentencing guidelines and the court was not required to follow the plea agreement. Nelson failed to appeal that decision in a timely manner, thus the district court's decision became a final judgment. See *State v. Arculeo*, No. 110,974, 2015 WL 569396, at *3 (Kan. App. 2015) (unpublished opinion) (finding that when defendant failed to appeal in

7

a timely manner, the district court's ruling as to jail-time credit was a final judgment), *rev. denied* 302 Kan. __ (August 20, 2015).

Nelson now attempts to bring a second pro se motion to correct an illegal sentence, raising the same argument that had already been decided against him. He contends, as he did previously, that he entered a plea agreement anticipating he had a C criminal history score. We agree that the motion from which Nelson currently appeals does include two new theories: (1) his counsel failed to advise him that three misdemeanors aggregated into a person felony and (2) his attorney failed to object to the classification of his misdemeanors. But these theories merely restate his prior, unsuccessful claim and are barred by res judicata so they cannot be relitigated. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008); *State v. Collier*, 263 Kan. 629, 633-35, 952 P.2d 1326 (1998).

*Should Nelson's motion be construed as a motion to withdraw his plea?*

Nelson additionally argues his motion should be liberally construed as a motion to withdraw his plea because it was filed pro se and that withdrawal of his plea is warranted because his sentencing and appellate counsel were ineffective.

Whether the district court correctly construed a pro se pleading is a question of law over which this court has unlimited review. *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014).

Nelson does not allege that the district court incorrectly construed his pro se motion, and Nelson never specifically stated to the district court that he wished to withdraw his plea. He did, however, argue that because his counsel failed to explain the aggregation of misdemeanors he was uninformed when he entered his plea. The district court considered this information before summarily denying his motion.

8

We cannot reasonably view Nelson's motion as a postsentence motion to withdraw his plea, even though we liberally construe it. "[P]ro se pleadings are to be liberally construed," but this "simply means that the substance of the pleading controls over its label." *In re Estate of Broderick*, 34 Kan. App.2d 695, 701, 125 P.3d 564 (2005). Nelson's motion is captioned "motion to correct illegal sentence." It states it was filed pursuant to K.S.A. 22-3504 (correction of an illegal sentence), and it lists numerous reasons he believes his "sentence was illegal." Nelson concludes by asking the court "to correct this illegal sentence, or in the alternative, prove that all three of the person misdemeanors had the guiding hand of counsel, and should anyone be proved unconstitutional, that this Court honor the original Plea Agreement." The substance of his motion is thus consistent with its label—a motion to correct an illegal sentence.

Further, Nelson's motion does not ask to withdraw his plea and does not reference K.S.A. 22-3210(d)(2), which provides: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Nor does the motion show that manifest injustice exists or argue that excusable neglect permits him to avoid the 1-year time limitation on such motions. See K.S.A. 22-3210(e). Each of these arguments would have been essential had Nelson's motion been one to withdraw his plea instead of one to correct an illegal sentence.

A motion to correct an illegal sentence "is solely a vehicle to correct a sentence. It is not a mechanism to reverse a conviction. [Citations omitted.]" *Gilbert*, 299 Kan. at 801. Nelson cannot seek to withdraw his guilty plea postsentencing or to avoid the time limitation on such motions by filing a motion to correct an illegal sentence.

*Is Nelson's appeal from the denial of a K.S.A. 60-1507 motion?*

To the extent Nelson's motion may be read to assert that the trial court erred in dismissing his K.S.A. 60-1507 motion because he established that it would be manifestly

9

unjust not to extend the 1-year time limitation under K.S.A. 60-1507(f)(1), Nelson's arguments are conclusory and unsupported by evidence. "'Conclusory contentions without evidentiary basis are not sufficient for relief.'" *Gilkey v. State,* 31 Kan. App.2d 77, 82, 60 P.3d 351 (citing *Burns v. State*, 215 Kan. 497, 500, 524 P.2d 737 [1974]), *rev. denied* 275 Kan. 963 (2003). Further, under the totality of the circumstances, Nelson has failed to establish manifest injustice to extend the 1–year time limitation in K.S.A. 60–1507(f)(1). See K.S.A. 60-1507(f)(2); *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 (2014). Nelson has never provided the trial court or this court with persuasive reasons or circumstances that prevented him from filing his K.S.A. 60-1507 motion within the 1-year time limitation, has not set forth a colorable claim of actual innocence, has raised claims of ineffective assistance of trial and appellate counsel that have either been previously rejected by this court or are not "obviously unfair" or "shocking to the conscience." See *Ludlow v. State*, 37 Kan. App.2d 676, 686, 157 P.3d 631 (2007).

Having liberally construed Nelson's motion, we find no basis for reversal.

Affirmed.