NOT DESIGNATED FOR PUBLICATION

No. 115,330

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GERALD E. GONZALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed February 24, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., MALONE, J., and STUTZMAN, S.J.

*Per Curiam*:  Gerald E. Gonzales appeals the district court's denial of his motion to correct illegal sentence. The only claim Gonzales makes on appeal is that under the plain language of K.S.A. 22-3504(1), the district court erred in summarily denying his motion without appointing counsel or conducting a hearing. However, Kansas appellate courts have consistently rejected the sole claim that Gonzales makes in this appeal.

In 2007, a jury found Gonzales guilty of one count aggravated indecent liberties with a child under 14, one count of aggravated indecent liberties with a child over 14 but

under 16, one count of rape, and one count of violation of a protective order. Gonzales appealed, and the Kansas Supreme Court affirmed his convictions but remanded the case for resentencing. *State v. Gonzales*, 289 Kan. 351, 372, 212 P.3d 215 (2009). On November 25, 2009, the district court resentenced Gonzales and imposed a controlling sentence of 312 months' imprisonment with lifetime postrelease supervision.

On August 4, 2015, Gonzales filed a pro se motion to correct illegal sentence alleging the following: (1) The person felony that was part of his criminal history should have been scored as a nonperson felony; (2) there was insufficient evidence to convict him of rape; (3) the identical offense doctrine required that his sentence for rape match his sentence for aggravated indecent liberties with a child; (4) the district court violated his due process rights by imposing consecutive sentences during resentencing; (5) that lifetime postrelease supervision constituted cruel and unusual punishment in violation of the United States Constitution; and (6) that his postrelease supervision term should have been limited to 36 months because the State failed to prove his age at trial. On November 18, 2015, the district court summarily denied Gonzales' motion based on the files and records of the case. Gonzales timely filed this appeal.

On appeal, Gonzales contends the district court violated the plain language of K.S.A. 22-3504(1) when it summarily denied his motion to correct illegal sentence without appointing counsel or conducting a hearing. Although Gonzales concedes an abundance of Kansas caselaw contrary to his position, he nevertheless urges that the plain language of K.S.A. 22-3504(1) gives a defendant "the right to a hearing and to be personally present with the assistance of counsel in any proceeding to correct an illegal sentence." The State responds that it was proper for the district court to summarily deny Gonzales' motion to correct illegal sentence because the motion, files, and records of the case conclusively established that Gonzales was not entitled to any relief.

2

Resolution of Gonzales' claim requires statutory interpretation. The interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

The Kansas Supreme Court has consistently held that district courts considering a motion to correct illegal sentence should first conduct a preliminary examination of the motion. See *State v. Gray*, 303 Kan. 1011, 1013, 368 P.3d 1113 (2016); *State v. Duke*, 263 Kan. 193, 196, 946 P.2d 1375 (1997). Our Supreme Court has further stated that, after conducting a preliminary examination, a district court "may dismiss a motion to correct an illegal sentence without a hearing or appointment of counsel if . . . the motion, files, and records of the case conclusively show the defendant is not entitled to relief." *Makthepharak v. State*, 298 Kan. 573, 576, 314 P.3d 876 (2013); see also *State v. Sims*, 294 Kan. 821, Syl. ¶ 2, 280 P.3d 780 (2012); *State v. Conley*, 287 Kan. 696, Syl. ¶ 2, 197 P.3d 837 (2008); *State v. Hoge*, 283 Kan. 219, 223-24, 150 P.3d 905 (2007); *State v. Edwards*, 281 Kan. 1334, 1342-43, 135 P.3d 1251 (2006).

The Court of Appeals is duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). There is no indication the Kansas Supreme Court is departing from its position in *State v. Duke* and its progeny.

In his brief, Gonzales briefly alleges that his motion to correct illegal sentence "raised significant issues [of law and fact], worthy of hearing and appointment of counsel to assist the defendant with further development of his arguments." However, Gonzales provides no authority either from cases or the record to support this contention; and, indeed, does not expand upon this position any further. As the State correctly notes, Gonzales has abandoned this argument. See *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) (a point raised incidentally in a brief and not argued therein is deemed abandoned); *State v. Murray*, 302 Kan. 478, 486, 353 P.3d 1158 (2015) (failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority is akin to failing to brief the issue).

In sum, Gonzales does not argue on appeal the merits of his motion to correct illegal sentence. He only argues that under the plain language of K.S.A. 22-3504(1), the district court erred when it summarily denied his motion without appointing counsel or conducting a hearing. The Kansas Supreme Court has consistently rejected this claim.

Affirmed.