NOT DESIGNATED FOR PUBLICATION

No. 117,787

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY D. MCINTYRE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed July 6, 2018.
Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: Terry D. McIntyre appeals his sentence, contending that his prior conviction from Missouri was erroneously counted as a person crime, making his sentence illegal. Because we have previously determined this issue adversely to McIntyre, we affirm under the law of the case doctrine.

1

*Factual and procedural background*

In 2000, a jury convicted Terry McIntyre of rape, aggravated kidnapping, aggravated criminal sodomy, kidnapping, and aggravated robbery. The district court found that McIntyre had a criminal history score of B, based in part on his pre-1993 Missouri convictions of robbery and exhibiting a deadly weapon, scored as person felonies for criminal history purposes. The district court sentenced McIntyre to 645 months in prison, followed by 36 months of postrelease supervision.

Between 2002 and 2014, McIntyre filed several postconviction motions attacking his sentence. See *McIntyre v. State*, 305 Kan. 616, 385 P.3d 930 (2016); *McIntyre v. State*, 54 Kan. App. 2d 632, 403 P.3d 1231 (2017); *State v. McIntyre*, No. 116,004, 2016 WL 7324508 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1327 (2017); *McIntyre v. State*, No. 94,786, 2007 WL 1309576 (Kan. App. 2007) (unpublished opinion). The extensive history involving those motions and appeals is more fully described in the appellate opinions affirming his sentence. See, e.g., *McIntyre*, 54 Kan. App. 2d at 632-36. But it is unnecessary to repeat all of that history here.

In May 2014, McIntyre filed a pro se motion to correct illegal sentence based on *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015). McIntyre argued that his Missouri convictions should have been scored as nonperson crimes in his criminal history. The district court denied McIntyre's motion and McIntyre appealed. On appeal, we affirmed the district court's denial of that motion. *McIntyre*, 2016 WL 7324508, at *1.

In March 2016, McIntyre filed a second pro se motion to correct illegal sentence—the motion underlying this appeal. This time, McIntyre argued that his Missouri convictions should have been scored as nonperson crimes in his criminal history because the district court improperly relied on unverified information in his presentence

2

investigation report when calculating that score. The district court denied his motion, finding that McIntyre had had time to review that report before sentencing yet had failed to object to the information at sentencing.

McIntyre timely appealed. Three days after he filed his reply brief, the Kansas Supreme Court decided the cases of *State v. Wetrich*, 307 Kan. 552, Syl. ¶ 3, 412 P.3d 984 (2018), *State v. Moore*, 307 Kan. 599, Syl. ¶ 3, 412 P.3d 965 (2018), and *State v. Buell*, 307 Kan. 604, Syl. ¶ 3, 412 P.3d 1004 (2018). For convenience, we refer to these as "the *Wetrich* cases." The State swiftly notified the court of the Supreme Court's ruling in the *Wetrich* cases, then moved for permission to file a supplemental brief addressing the impact of those cases on this one. After we granted permission, both parties filed supplemental briefs. The State argued that McIntyre's sentence is not illegal because his argument hinges on a "change in the law"—the *Wetrich* cases—and the Legislature has clarified that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3). McIntyre argued to the contrary.

Thereafter, we noted a possible law of the case issue. An appellate court has discretion to decide when to raise the law of the case doctrine *sua sponte*, as we do here. See *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017). No asserted factual or procedural matters are in controversy, and the doctrine, if it applies, is dispositive of the appeal. We granted the parties leave to file another supplemental brief addressing that issue. Thus, the parties have had a full, fair opportunity to address the issue. The State filed a supplemental brief arguing that McIntyre's current motion is barred by the law of the case doctrine. McIntyre contends the doctrine is inapplicable, and that the manifest injustice exception to that doctrine applies.

Having reviewed the briefs, the record, and the relevant caselaw, we are now prepared to rule.

3

*Can McIntyre shift horses midstream?*

We first address whether McIntyre can raise on appeal a different argument than he raised below. To the district court, McIntyre argued in the underlying motion that his sentence is illegal because the district court relied on "uncomfirmed information" when calculating his criminal-history score. But on appeal, he claims that his sentence is illegal because the district court should have classified his 1981 Missouri conviction for exhibiting a deadly weapon as a nonperson felony, since Kansas has no comparable crime.

As a general rule, an issue not raised before the trial court cannot be raised for the first time on appeal. See Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34). McIntyre raises a new issue for the first time on appeal; thus, one would generally conclude that this rule prevents him from doing so. But the general rule does not apply here—K.S.A. 2017 Supp. 22-3504(1) specifically authorizes a court to "correct an illegal sentence at any time," and our Supreme Court has interpreted that to mean that "'an illegal sentence issue may be considered for the first time on appeal.' [Citation omitted.]" *State v. Gray*, 303 Kan. 1011, 1014, 368 P.3d 1113 (2016). Because the Supreme Court has held that an illegal sentence issue may be considered for the first time on appeal, we find McIntyre may raise this issue on appeal despite his failure to do so below.

*Is McIntyre's claim barred by the doctrine of res judicata?*

The State also contends that McIntyre's claim is barred by the doctrine of res judicata. That doctrine has four elements: (a) the same claim; (b) the same parties; (c) claims that were or could have been raised; and (d) a final judgment on the merits. *Cain v. Jacox*, 302 Kan. 431, Syl. ¶ 2, 354 P.3d 1196 (2015).

4

We agree that all four elements necessary to establish res judicata are met here. In 2014, McIntyre argued that his Missouri convictions could not be classified as person felonies because they were committed before Kansas enacted the Kansas Sentencing Guidelines Act, citing *Murdock*. Those convictions included McIntyre's 1982 Missouri conviction for exhibiting a deadly weapon. We denied that claim on its merits. *McIntyre*, 2016 WL 7324508, at *1.

Now, McIntyre claims that his 1982 Missouri conviction for exhibiting a deadly weapon should not be classified as a person felony for a different reason—because Kansas has no comparable crime under *Wetrich*'s rationale. But the doctrine of res judicata bars a plaintiff from bringing the same claim under a different legal theory. See *Stanfield v. Osborne Industries, Inc.*, 263 Kan. 388, 402, 949 P.2d 602 (1997). "Simply changing the legal theory is not a sufficient distinction to give rise to a new claim for purposes of res judicata." *Midwest Crane and Rigging, LLC v. Schneider*, No. 113,725, 2016 WL 1391805, at *5 (Kan. App. 2016) (unpublished opinion). McIntyre is merely changing his legal theory, yet is bringing the same claim that we previously resolved against him on the merits—that his Missouri convictions could not be classified as person felonies. See *McIntyre*, 2016 WL 7324508, at *1. The other three requirements for res judicata are clearly met, thus McIntyre's case would typically be barred by res judicata.

The Kansas Supreme Court held as much in *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008), finding that res judicata barred a defendant's illegal-sentence claim if his claim had previously been adjudicated on the merits: "Res judicata applies to motions to correct illegal sentence filed pursuant to K.S.A. 22-3504. Such a motion may not be used to breathe new life into an appellate issue previously adversely determined." See *State v. Martin*, 294 Kan. 638, Syl. ¶ 2, 279 P.3d 704 (2012). As *Conley* finds, the fact that K.S.A. 22-3504 provides that such a motion may be brought "'at any time'" is "not authorization for 'do-overs.'" 287 Kan. at 698; see *State v. Johnson*, 269 Kan. 594, 602, 7 P.3d 294 (2000) (holding that K.S.A. 22-3504 "may not be used as a vehicle to

breathe new life into appellate issues previously abandoned or adversely determined"); *State v. Neer*, 247 Kan. 137, Syl. ¶ 2, 795 P.2d 362 (1990) (holding "where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been presented, but were not presented, are deemed waived").

But the Kansas Supreme Court, without mentioning *Conley*, appears to have jettisoned it in *State v. Dickey*, 305 Kan. 217, 380 P.3d 230 (2016) (*Dickey II*). There, the claim was identical to, and controlled by, the Kansas Supreme Court's determination in *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) *(Dickey I)*—that Dickey's 1992 Kansas burglary adjudication was misclassified as a person felony resulting in an illegal sentence. *Dickey II*, 305 Kan. at 222. Although the claims were identical, the court stated: "The State's remaining efforts to impose a procedural bar to the relief Dickey seeks—arguments concerning retroactivity and res judicata—are all unavailing in the context of a motion to correct an illegal sentence which can be made at any time." 305 Kan. at 222. Accordingly, albeit perhaps reluctantly, our court has followed suit. See *State v. McAlister*, 54 Kan. App. 2d 65, 73, 396 P.3d 100 (finding *Dickey II* makes clear that a sentence based on an incorrect criminal history score is an illegal sentence that can be corrected at any time regardless of res judicata), *rev. granted* 306 Kan. 1326 (2017). Because we are duty bound to follow precedent, we find that res judicata does not bar McIntyre's motion to correct an illegal sentence. *State v. Belone*, 51 Kan. App. 2d 179, 211, 343 P.3d 128 (2015).

*Does law of the case doctrine bar McIntyre's claim*?

We next determine whether the law of the case doctrine bars McIntyre from relitigating whether his Missouri conviction for exhibiting a dangerous weapon is a person crime in Kansas for purposes of calculating his criminal history.

As mentioned above, in 2014, McIntyre filed a motion to correct illegal sentence based on *Murdock*. In that motion, McIntyre argued that his pre-1993 Missouri convictions should have been scored as nonperson felonies for criminal history purposes. *McIntyre*, 2016 WL 7324508, at *1. On appeal, McIntyre similarly argued that the district court erred in classifying his pre-1993 Missouri convictions as person felonies. We denied in 2016 his appeal from that motion to correct illegal sentence, stating in part:

> "McIntyre does not dispute that the Missouri crimes of robbery and exhibiting a dangerous weapon, or their comparable Kansas crimes, were person offenses at the time McIntyre's current crimes of conviction [were] committed in 1999." *McIntyre*, 2016 WL 7324508, at *1.

McIntyre now claims that no Kansas crime is comparable to his 1982 Missouri conviction for exhibiting a deadly weapon, so his sentence is illegal.

Under the law of the case doctrine, "[w]hen a second appeal is brought to this court in the same case, the first decision is the settled law of the case on all questions involved in the first appeal, and reconsideration will not normally be given to such questions." *State v. Collier*, 263 Kan. 629, Syl. ¶ 3, 952 P.2d 1326 (1998). The doctrine is appropriately grounded in the need for finality and efficiency of the judicial process and "is applied to avoid indefinite relitigation of the same issue, to obtain consistent results in the same litigation, to afford one opportunity for argument and decision of the matter at issue, and to assure the obedience of lower courts to the decisions of appellate courts." *Collier*, 263 Kan. 629, Syl. ¶ 2.

McIntyre first contends that his current claim of an illegal sentence is not the same claim as his previous claim that we decided adversely to him in 2016. McIntyre acknowledges that in his previous appeal, he did not "dispute that the Missouri crimes of robbery and exhibiting a dangerous weapon, or their comparable Kansas crimes, were

person offenses at the time McIntyre's current crimes of conviction [were] committed in 1999." *McIntyre*, 2016 WL 7324508, at *1. These include the same crime that McIntyre now contends is not comparable—his Missouri crime of exhibiting a dangerous weapon. McIntyre contends his current claim was not resolved against him in his prior appeal because his prior claim that this crime should not have been scored as a person crime was based on a different legal theory.

But in so doing, McIntyre defines "claim" too narrowly. As clarified in *Parry*, 305 Kan. at 1197, we broadly construe an issue for purposes of the law of the case doctrine to be the ultimate legal issue, and not the specific, underlying legal theory. In *Parry*, the controlling issue was expressly determined to be *whether the evidence should be suppressed*, rather than whether a particular reason for suppression had been previously argued: "The issue decided against the State in *Parry I* is the same issue the State seeks to pursue in this second prosecution, *i.e.*, whether the evidence seized from Parry's apartment should be suppressed." *Parry*, 305 Kan. at 1195. For that reason, the State could not relitigate a motion to suppress based on its new legal theories of exigent circumstances or inevitable discovery, instead of its previously defeated legal theory of consent to search. 305 Kan. at 1197-98.

Similarly, McIntyre cannot relitigate his motion that his pre-1993 Missouri conviction for exhibiting a deadly weapon should have been scored as a nonperson felony for criminal history purposes based on his new legal theory based on *Wetrich*, instead of his previously defeated legal theory based on *Keel*. He is merely raising the same issue that we previously determined adversely to him, although he has repackaged it with a different underlying legal theory. In both his 2014 motion to correct illegal sentence and in his present motion, McIntyre claims that his pre-1993 Missouri conviction for exhibiting a deadly weapon should have been scored as a nonperson felony for criminal history purposes. That issue is the same—the difference in the underlying legal theories matter not for purposes of the law of the case doctrine. See *Parry*, 305 Kan. at 1195.

8

Moreover, the "doctrine applies not only to matters actually decided in the prior proceedings, but also to matters for which the party failed to seek review in a prior proceeding." *Parry*, 305 Kan. at 1195. McIntyre never expressly challenged the classification of his earlier convictions, but petitioned for review of our 2016 ruling solely on the applicability of *Keel*, even after this court pointed out his concession that the crimes constituted person felonies. McIntyre is bringing the same claim, although based on a different legal theory here.

McIntyre also contends that K.S.A. 2017 Supp. 22-3504(1) permits a defendant to bring a motion to correct illegal sentence "at any time," and that the Kansas Supreme Court has broadly construed that language, citing *Dickey I*, 301 Kan. at 1034, and other cases. He reasons that applying the law of the case doctrine to motions to correct an illegal sentence would undermine the clear statutory directive that such motions can be brought at any time.

But despite the broad construction of the "at any time" language in other contexts, the Kansas Supreme Court has specifically held that temporal flexibility does not trump the law of the case doctrine:

> "With respect to the argument that a claim of an illegal sentence can be made at any time, that temporal flexibility does not trump the doctrines of res judicata or law-of-the-case. In other words, the right to raise a claim of an illegal sentence at any time does not mean that a defendant can file serial motions to correct an illegal sentence on the same basis. See *State v. Martin,* 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (holding that res judicata bars motions to correct an illegal sentence that only raise previously decided issues or issues that could have been presented but were not, and such repetitive motions are subject to summary dismissal)." *State v. Edwards*, No. 109,647, 2016 WL 3659639, at *5 (Kan. App. 2016) (unpublished opinion).

Our court has repeatedly done the same, applying the law of the case doctrine to motions to correct illegal sentence. See, e.g, *State v. Brown*, No. 115,372, 2017 WL 3001349, at *3 (Kan. App. 2017) (unpublished opinion) (concluding that defendant showed no reason for us to disregard the law of the case doctrine from prior motion to correct illegal sentence, thus the district court did not err in denying Brown's second motion to correct illegal sentence); *State v. Bell*, No. 113,727, 2016 WL 3407707, at *4 (Kan. App. 2016) (unpublished opinion) (finding the issue whether the sentencing court erred by aggregating three out-of-state person misdemeanor convictions into one person felony was barred by the law of the case doctrine), *rev. denied* 306 Kan. 1321 (2017); *State v. Yohn,* No. 104,832, 2011 WL 3658392, at *2 (Kan. App. 2011) (unpublished opinion) (finding defendant could not use a motion to correct illegal sentence to raise an issue that was adversely determined in his initial appeal), *rev. denied* 293 Kan. 1114 (2012).

> "Although K.S.A. 22-3504(1) allows a court to correct an illegal sentence at any time, such a motion is subject to the law of the case doctrine. *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008) (motion to correct illegal sentence "'may not be used to breathe new life into an appellate issue previously adversely determined"')." *State v. Merz*, No. 100,573, 2010 WL 653094, at *6 (Kan. App. 2010) (unpublished opinion).

We thus find nothing in Kansas law barring our application of the law of the case doctrine to motions to correct illegal sentences.

The weightier issue is whether we should apply that doctrine here. McIntyre asserts that we should not, invoking the manifest injustice exception to that doctrine. See *State v. Kleypas*, 305 Kan. 224, 245, 382 P.3d 373 (2016) (listing manifest injustice as one of three exceptions), *cert. denied* 137 S. Ct. 1381 (2017). His sole point is that his Missouri sentence for exhibiting a deadly weapon is not comparable to any Kansas statute so it is not a person felony; thus, his criminal history score is incorrect and his sentence is illegal, and because his sentence is illegal it would be manifestly unjust to

apply the discretionary law of the case doctrine which would subject him to that illegal sentence. We disagree.

The manifest injustice exception to the law of the case doctrine is one of three "exceptionally narrow" grounds for departure from that rule of practice. *McIlravy v. Kerr-McGee Coal Corp.*, 204 F.3d 1031, 1035 (10th Cir. 2000). Those three exceptions are: "(1) a subsequent trial produces substantially different evidence, (2) a controlling authority has made a contrary decision regarding the law applicable to the issues, or (3) the prior decision was clearly erroneous and would work a manifest injustice." *Kleypas*, 305 Kan. at 245.

We note that the third exception, invoked by McIntyre, permits reconsideration when "the prior decision was clearly erroneous and would work a manifest injustice." *Kleypas*, 305 Kan. at 245. Both are now required, despite prior law which stated these two requirements in the disjunctive. See, e.g., *Kleypas*, 305 Kan. 224, Syl. ¶ 5. "To invoke the exception to the law of the case doctrine that allows reconsideration of a clearly erroneous decision, it must be plain that the prior decision was in error and results in manifest injustice." *Kleypas*, 305 Kan. 224, Syl. ¶ 8.

Here, prior error is not plain. In fact, McIntyre does not contend that our prior decision was clearly erroneous. Instead, McIntyre relies on the *Wetrich* cases—cases that were not decided until *after* we issued our 2016 decision on his motion for illegal sentence. Substantively, then, the change in intervening law exception would appear to be the more appropriate exception to consider. McIntyre does not argue that exception, however, perhaps because it would bring him too squarely within the State's additional argument that "[a] sentence is not an 'illegal sentence' because of a change in the law that occurs after the sentence is pronounced." K.S.A. 2017 Supp. 22-3504(3). Nor do we find any manifest injustice in giving McIntyre the benefit of the sentencing law that was in effect when we decided his appeal in 2016. He chose not to file a petition for review with

11

the Kansas Supreme Court on the comparability issue and has not identified any impediment that prevented him from doing so. We find this exception inapplicable.

We conclude that McIntyre's challenge to the classification of his Missouri conviction for exhibiting a deadly weapon as a person felony for the purposes of determining his criminal history score is barred by the law of the case doctrine. Accordingly, we affirm. See *Price v. Simmons*, 31 Kan. App. 2d 631, Syl. ¶ 4, 71 P.3d 1164 (2002) ("A judgment of the district court may be affirmed on appeal if it was right for any reason."). We find it unnecessary to reach the State's contention that K.S.A. 2017 Supp. 22-3504(3) additionally bars McIntyre's claim of an illegal sentence.

Affirmed.