NOT DESIGNATED FOR PUBLICATION

No. 121,233

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PAUL L. BARNETT III,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed January 29, 2021. Affirmed.

*Bach T. Hang*, of the Douglas Firm LLC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., SCHROEDER, J., and WALKER, S.J.

PER CURIAM: The district court denied Paul L. Barnett III's motion for postconviction DNA testing for having been previously raised, successive, and untimely. Procedurally, Barnett's claim on appeal is barred by res judicata as the district court found. We affirm.

FACTS

In 2009, a jury convicted Barnett of aggravated robbery, in violation of K.S.A. 2008 Supp. 21-3427; kidnapping, in violation of K.S.A. 2008 Supp. 21-3420(b); attempted aggravated robbery, in violation of K.S.A. 2008 Supp. 21-3301; and aggravated burglary, in violation of K.S.A. 2008 Supp. 21-3716. The prosecution's evidence against Barnett focused on the testimony of the victim and an accomplice. The specific facts underlying Barnett's convictions are not material to the resolution of this case and may be found in his direct appeal, *State v. Barnett*, No. 106,133, 2013 WL 4729219, at *1-2 (Kan. App. 2013) (unpublished opinion).

Before sentencing, Barnett was represented by counsel but nevertheless filed a pro se motion requesting DNA testing of multiple items found in the vehicle involved in the crime but not tested during the investigation. The district court denied Barnett's motion, finding that K.S.A. 2010 Supp. 21-2512 and supporting caselaw did not authorize DNA testing for Barnett's crimes of conviction.

The district court sentenced Barnett to 307 months in prison. Barnett timely appealed, and another panel of our court affirmed his convictions and sentence. 2013 WL 4729219, at *5. Barnett did not challenge the district court's denial of his motion for DNA testing on direct appeal.

Four years later, Barnett filed the pro se motion for DNA testing at issue in this case. In his motion, he argued because his prison sentence exceeded 20 years, he was similarly situated to those convicted of first-degree murder and rape. Thus, Barnett argued, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution gave him the same right to exculpatory DNA testing. The State's response argued Barnett's request was successive, barred by the doctrine of res judicata, and tantamount to an untimely motion to alter or amend. The district court summarily denied

Barnett's motion for DNA testing, stating: "This request was previously denied and there has been no change in the facts or law. Defendant's request is successive and untimely."

ANALYSIS

I.    BARNETT'S CLAIM IS BARRED BY RES JUDICATA.

Barnett argues K.S.A. 2010 Supp. 21-5212 violates section 1 of the Kansas Constitution Bill of Rights. Section 1 states: "All men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness." Section 1 provides all Kansans are entitled to equal protection under the law. See *State v. Bolton*, 274 Kan. 1, 17, 49 P.3d 468 (2002). K.S.A. 2010 Supp. 21-2512 allows a person in state custody convicted of first-degree murder or rape to petition for forensic DNA testing. Barnett argues K.S.A. 2010 Supp. 21-2512 is unconstitutional under section 1 because K.S.A. 2010 Supp. 21-2512 does not provide Barnett with protection equal to that of persons convicted of first-degree murder or rape.

The State offers several contentions against Barnett's claim. The State's first argument applies res judicata. Whether the doctrine of res judicata applies in a certain case is an issue of law over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019).

The State notes Barnett requested DNA testing under K.S.A. 2010 Supp. 21-2512 before sentencing but did not raise the issue on direct appeal. The State correctly argues Barnett's claim is barred by res judicata, "which applies when issues were previously raised and decided on the merits, or could have been presented but were not." *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012). "Under Kansas law, where an appeal is taken from the sentence imposed and/or a conviction, the judgment of the reviewing court is res judicata as to all issues actually raised, and those issues that could have been

3

presented, but were not presented, are deemed waived." *State v. Neer*, 247 Kan. 137, 140-41, 795 P.2d 362 (1990). Barnett may not "breathe new life into an appellate issue" that was previously abandoned or adversely determined. See *State v. Conley*, 287 Kan. 696, 698, 197 P.3d 837 (2008), *abrogated on other grounds by State v. Soto*, 299 Kan. 102, 121-22, 322 P.3d 334 (2014). Barnett's first motion for DNA testing was denied on the merits before sentencing. On direct appeal, the issue was not raised and, therefore, was abandoned. Now, Barnett seeks to resurrect his motion for additional DNA testing. Once raised and adversely decided, the matter is final. Res judicata bars relitigation of the same issue. The district court did not err in denying Barnett's motion on this basis.

II.     BARNETT'S NEW CONSTITUTIONAL ISSUE RAISED FOR THE FIRST TIME ON APPEAL WILL NOT BE ADDRESSED.

Even if res judicata did not apply and Barnett could have raised the issue in his motion for DNA testing, he did not raise it before the district court. Before the district court, Barnett focused on the United States Constitution. He now asserts, for the first time on appeal, that K.S.A. 2010 Supp. 21-2512 violates section 1 of the Kansas Constitution Bill of Rights. Issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Constitutional grounds for reversal asserted for the first time on appeal generally are not properly before the appellate court for review. *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018).

We recognize there are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including:  (1) "the newly asserted theory involves 'only a question of law arising on proved or admitted facts and is finally determinative of the case;'" (2) consideration of the theory "'is necessary to serve the ends of justice or to prevent denial of fundamental rights;'" and (3) the district court was right for the wrong reason. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019).

4

Our Supreme Court has recently provided guidance on reviewing an issue raised for the first time on appeal.

> "The decision to review an unpreserved claim under an exception is a prudential one. *State v. Parry*, 305 Kan. 1189, 1192, 390 P.3d 879 (2017); *State v. Frye*, 294 Kan. 364, 369, 277 P.3d 1091 (2012). Even if an exception would support a decision to review a new claim, we have no obligation to do so. *Parry*, 305 Kan. at 1192.

> "We decline to utilize any potentially applicable exception to review Gray's new claim. Gray had the opportunity to present his arguments to the district court and failed to do so. This failure deprived the trial judge of the opportunity to address the issue in the context of this case and such an analysis would have benefitted our review." *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

Following *Gray*, we decline to address Barnett's new claim on appeal.

Affirmed.